Good morning. May it please the court. Don Cherez on behalf of the petitioner Lorenzo Alvarez-Cerriteno. Essentially the issues are simple in this particular case. Was Fergoza v. Holder correctly decided and or are the decisions of the BIA and Sorum and Velazquez Herrera different and should be given deference and secondly and more importantly is the Nevada statute on child abuse almost identical to the California statute because if it is then Fergoza v. Holder should be extended to apply into this case and to say that Mr. Alvarez's conviction was not a conviction for child abuse and I think what also happens in these particular the other thing also happens in these particular cases is sometimes there's confusion between what it requires for a felony conviction and what it requires for a misdemeanor conviction. In Fergoza v. Holder it was a misdemeanor conviction that this court looked at and said the BIA's interpretation is overbroad. In our particular case we also have a misdemeanor conviction. Are you arguing that Fergoza is still good law or is not? It is the law. And why does that matter for your conclusion? Why don't you win anyway? Pardon? Why do you want to take that burn on as opposed to accepting Sorum but say you win anyway? Well, I believe, Your Honor, the I've noticed that very few cases or other courts have followed the holding in Fergoza v. Holder. I found one in the Tenth Circuit, Ibarra v. Holder. I'm not understanding. Fergoza says that there has to be actual harm, right, to the child. Is that what it holds? Only if it's a felony, Your Honor. I think it's under 273AA that Fergoza says there has to be actual harm. And? But what is Fergoza? I'm confused. And under the Nevada statute, under Nevada 508 parentheses 1, it also requires actual harm and that will make it a felony. But if it's 508 parentheses 2, it's a misdemeanor and that's if there is no harm. So that both No, no. It says may suffer physical pain or mental suffering. May, not must. Right. But that's the precondition that they have on both of the statutes. May suffer physical pain. And actually, the California Sorum says there has to be a reasonable probability of pain. Right. Possibility. There's a difference, right? There is a difference. And the Nevada statute is broader than the generic statute under Sorum. I think Sorum was a Colorado statute, and I think that they did allow neglect, and I think that Sorum was actually This is what I don't understand. Okay. It's the Nevada statute. Supposing that Sorum is entitled to deference and that, therefore, under Brandex, is no longer binding on us, why don't you prevail anyway? Because this Nevada statute is still broader than the generic standard in Sorum. Well, the immigration judge and the BIA both use Sorum to say that Well, that may be true, but they may be wrong. Well, I do think they're wrong, Your Honor. Then that's it. Okay. So why don't you just say that and say I don't need any more time? Well, if you want me to sit down, I'll sit down and that kind of thing. But, no, I mean, I honestly believe there's this tension between who's better at interpreting criminal statutes, the BIA or the court of appeals. But it's not a question of interpreting criminal statutes. It's a question of deciding what the generic definition of child abuse is. Well, I mean, frankly, one of the reasons there's not too many or there's no Nevada cases on child abuse where there's no harm is the typical situation is it's 100 degrees outside or 110 in the middle of the summer. Somebody leaves their child in the car. They run into 7-Eleven. They come out. Maybe a police officer comes up. Hey, you're guilty of child abuse. You left your child in the car. They plead guilty and nothing ever gets reported. That's your typical situation where no injury occurs. Now, the cases that have been cited by the Nevada Supreme Court that all talk about harm are under the 508 parentheses one prong. But, you know, when I look at the comparison between the two statutes, Penal Code 273A and the Nevada revised statute, it seems to me that there's four or five points of comparison. And I think the most important point is what we brought out in our brief. As a result of abuse or neglect or to be placed in a situation where the child may suffer, that was the critical language that was used in the California statute. That was the critical language that was used in Fregoso. So where his or her health may be endangered. So for me, it is overbroad, this Nevada statute. And I think the BIA was wrong in applying this work. If we remand to the BIA, will the government have the opportunity to employ the modified categorical approach and use the facts of the case against your client? Well, will they have that opportunity? Probably. Thank you very much. OK. Probably. But see, then, you know, I guess this was poor charging on behalf of the district attorney. They could have easily charged him with, you know, battery is not considered a removable offense. Child abuse is. Child abuse, which involves a physical injury to the child, is a removable offense. But under the way Nevada pled the case, there was no physical injury. Can they replead? Can they rebrief? Replead. Replead it? At this stage, no. Five or six years later, I would say no. I mean, the ICE can replete it when they go back to removal proceedings. Can the state replete it? Probably not. OK, you can save your time if you like. Sure, I'll save a couple of minutes for rebuttal, Your Honor. Good morning, Your Honors. I'm Erica Miles for the Attorney General. First, I'd like to address the question, assuming this court accords deference, which it should, to matter of sorum, that actual harm is not required. Matter of sorum says endangerment type statutes can constitute child abuse under the INA if there is a sufficiently high or sufficient risk of harm is the term, or a likelihood of harm. Those are the standards. And that is a state by state. Excuse me. The exact formulation matters. I thought it was reasonable probability. Both Mendoza-Osorio and the sorum board decisions use sufficient risk of harm and likelihood, the language I say. But probability is within that same sort of realm on the spectrum, I would say. Here, this is likelihood. Don't we have a situation here where the statute talks about whether the child may suffer abuse? We do. Isn't that a lower standard than likelihood? That is. But that is only the third element of the statute. I submitted to the court a 28-J letter with a Nevada Supreme Court case called Clay. And in that case, the court definitively said there are four elements to the statute. The third element is that the child may suffer physical or mental suffering. The fourth element is as a result of abuse or neglect. And the Supreme Court of Nevada definitively said that a prosecutor under this prong of the statute, under any prong, actually, must prove abuse or neglect in addition to that the child was put in a situation where they may suffer physical harm. I understand. And so, I mean, neglect is putting the child, leaving the child in the back of the car. That's neglect. How does that add anything to the risk factor of harm? Because it's in this statute where a person having custody or control over a child is allowing an existing abuse or neglect that must be proven to happen or permits and then puts the child in a situation where that proven – Well, we're all talking. I mean, I'm missing something. As I understand it, Fregosa and Sorum and Mendoza-Soray in all those cases are assuming that the person did something, which is at least neglect. Yes. And the issue is how – what's the connection of that to harm to the child that makes the child abuse. So I don't understand what you've added by your point. What have you added? All you're saying is there has to be neglect. We understand there needs to be neglect. Yes. But it's the third prong that tells you what the connection to harm is. And we're still in the same place, i.e., Maine. Neglect is harm. And if you look – What do you mean by neglect is harm? Neglect is not harm. Neglect is what the person does. If you look at the INA, the provision that provides for child abuse, rendering it a child abandonment are included with child abuse. It is a unitary concept. And child neglect is in the statutory language itself. And the Supreme Court of Nevada has said in another case called Reimer, it definitively said child abuse and neglect is damage to a child for which there is no reasonable explanation. So the Supreme Court of Nevada, in looking at its own child abuse and abandonment and neglect statute – The way you're reading those Supreme Court cases, the fourth element of neglect being harm by itself makes the language of child may suffer physical pain superfluous. It enhances. It enhances. And we don't really normally say that elements are superfluous. It's not superfluous. But neglect is an act which may or may not produce damage. That is correct. But here, you have neglect which may cause a child to suffer, which is a broader liability claim than under SORAM where you have to show a likelihood. The Supreme Court of Nevada considers the fourth element, abuse or neglect, to still be harm or damage to a child. The third element, the may cause injury or may cause physical harm or mental suffering, the third element, that's an elevated sort of immediate presence of an identifiable physical injury to a child. Yes. But what I understand to be saying is that, you know, if you don't feed a child and the child is hungry, that can be, that's neglect, and a child who's hungry is, you know, hurt in some sense. But the Federal statute seems to require something more than that, some actual physical harm to the child and at some degree of likelihood. Is that not right? No. The Federal statute, the statute itself says child abuse, child neglect, child abandonment. The Board has interpreted that. But you're arguing with SORAM because you're basically saying that neglect alone should be enough whether the child has any likelihood to be. I mean, if the child is, you know, locked in a room for 10 years but fed and given enough exercise and is never going to actually be hurt, I don't know. I mean, maybe mental injury is enough, but maybe it should be. The point of the matter here is that it must rise to the level to be a criminal, not a civil conviction. So here, the criminal court, the Nevada court must determine that at least some level of criminal negligence was involved in addition to this level of risk of physical pain or mental suffering because of a proven abuse or neglect. So this is quite distinguishable from the California statute in Fregoso because in Fregoso it's that a parent or someone puts a child at risk of harm, period. Here, it's they allow, they permit the child to be put in a situation where they may or are at risk of physical pain or suffering because there is a proven abuse or a proven neglect. Counsel, let's say you have your proven neglect of some kind. Yes. But let's say that that neglect is not necessarily physically harmful in and of itself, but it's neglect, recognized as neglect. Yes. And it's proven. The way this statute works is that you're still dealing with the third element that says they may suffer physical harm or mental injury from that. Yes. And they're using the term may for that. They are. Versus in SORM, they were talking about having a criminally negligent act or omission and that it's creating a reasonable probability that a child will be harmed. Period. So is that not different because it's a reasonable probability of harm as opposed to proven neglect, as you say, followed by the fact that that neglect may cause physical harm? Either physical injury or mental suffering. Isn't that a difference? The difference with the may here is it's may plus because it's may suffer a certain defined type of physical harm, mental suffering plus there was an actual proven abuse or neglect, which in and of itself is maltreatment, is damage to a child. So those proven acts are in and of themselves something damaging, which is heightening because you have to prove abuse or neglect. It's heightening that they may get injured, that they may suffer mental illness. It creates this likelihood because we know there was abuse or neglect. And so it's a given that there's a stronger chance that they would suffer this elevated or defined type of physical or mental harm. Physical harm is defined in their statute as well. So your position is that having proven the neglect or the abuse, that is proving harm having occurred? Yes. And that is what distinguishes this from the California statute. Excuse me. The Nevada statute defines abuse and neglect. It means physical or mental injury of a non-accidental nature, sexual abuse, sexual exploitation, negligent treatment or maltreatment of a child under circumstances which indicate that the child's health or welfare is harmed or threatened with harm. So it doesn't have to be harmed. But under California... I just read the definition. The statute. Right. Right. There need to be acts that put the child at risk of harm, which is also considered maltreatment. Right, exactly, and the question is how much risk? So we're just going around in circles here. I don't think we're going around in circles where we have the California statute just says may be harmed. And here we have may suffered specific, two specific types of harmed because of proven abuse or neglect, which elevates it. Neglect means to put him in a situation where he's threatened with harm, so we're just back to how much harm. But under Nevada... It doesn't say anything stronger than may. But Nevada, the Supreme Court of Nevada interprets this statute that abuse and neglect are damage to child, and damage, I think this Court would agree, would equate with this term maltreatment, which the Board uses. Maltreatment is harm. But it doesn't say that.  But that's the statutory language, but then the Nevada Supreme Court in Clay and also in Reimer v. State, 351 Pacific 3D 697, and Reimer v. State says that child abuse and neglect is damage to a child for which there is no reasonable explanation. Definitively, this statute is an actual harm statute. It's not so much an endangerment statute. This actually fits under Velazquez-Herrera. If the Court were to view it through the Nevada Supreme Court's lens, this is an actual harm statute. Okay, your time's up. Thank you. Do you disagree with the interpretation which Ms. Miles has given the statute by the Nevada Supreme Court? I do, Your Honor. Why? I think actual, it says actual harm. If actual harm occurs, then it will be a felony. If no harm occurs, then it will be a misdemeanor. And so even though the statute may talk about actual harm at the beginning, when you go down to subsection 3 or 4, it will talk about the difference between the two different results. And if you look at our charging document here, it said, did willfully, unlawfully, and knowingly neglect cause or permit a child under the age of 18 years to wit Ulysses Alvarez, being approximately 14 years of age, to suffer unjustifiable physical pain or mental suffering, or by permitting, said Ulysses Alvarez, to be placed in a situation where he might have suffered unjustifiable physical pain or mental suffering by the defendant punching said Ulysses Alvarez. So because there was no, there was harm, I mean, he was hit in the mouth, he was hit in the face, he was punished, that is conceded. But the way the state of Nevada district attorney's office chose to prosecute it, they gave him this child abuse offense, a gross misdemeanor offense. And I do think that's the distinction in Nevada between a felony and a gross misdemeanor, and I think that's the distinction in California with 273AA, which is a felony, and 273AB, which is a misdemeanor. But in both, the critical language is, in California it says, to be placed in a situation where his or her health may be endangered, it doesn't, is guilty of a misdemeanor. That's how the California statute concludes. And in Nevada, it says, be placed in a situation where the child may suffer physical pain or mental suffering as a result of the abuse or the neglect. So the critical language, we believe in both is, may suffer or may be endangered. And that's where, this isn't an identical twin to the California situation, but it's a close brother or sister. So in that sense- How do you respond to the argument of the government that the fourth element does require proof of actual neglect, and that that neglect should be considered harm? Well, I think that would be, as Judge B pointed out earlier, if there is a situation- That's Judge Bea, by the way. Pardon? The judge's name is Judge Bea. Bea. Okay. Pardon, Your Honor, my Spanish is not what it should be, but at any rate, I believe that when he pointed out, mentioning the neglect, the Nevada statute does spell out a difference, and I don't believe that just because it says neglect equals harm, I think the statute is overbrought in that particular context. And so we shouldn't give deference to Sorum or Mendoza, Osorio, or those other cases. Okay.  Thank you for your argument. Thank you, Your Honor. The case of- Excuse me, Your Honor, too. I'm sorry? Yeah. On the mispronunciation of the judge's name. Don't worry about it. It's not the first time. I'm a little sensitive to it because my name is mispronounced all the time, too. Alvarez-Cerachino v. Sessions. United States v. Sikansky is next.
judges: Berzon, Bea, Berg